## Petty License

*Edwin W. Tompkins, 2nd,* for appellant.
*Donald Doerr,* for Commonwealth.

GREINER, J., January 9, 1971.—This is an appeal from order of the Pennsylvania Liquor Control Board dated July 21, 1970, suspending licensees from operation for a period of 15 days for alleged violation of section 493(16) of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §4-493(16), which prohibits:

"For any licensee, his servants, agents or employes, to give, furnish, trade, barter, serve or deliver any liquor or malt or brewed beverages to any person during hours or on days when the licensee is prohibited by this act from selling liquor or malt or brewed beverages."

There is no issue of fact. Licensee, Douglas Petty, during a 60-day suspension period, by prearrangement with his insurance counsellor and long-time friend of over 20 years, met in his locked licensed premises with said counsellor at lunch time to discuss insurance matters. Since Petty lives alone in one room across the street from licensed premises and has no facilities in his room for preserving, cooking or serving his own food, he was preparing his own lunch in the licensed premises when his insurance counsellor arrived. As a matter of common courtesy, he offered his friend a sandwich and having no milk or coffee on hand gratuitously offered him a bottle of beer. His business guest paid nothing for the lunch or beverage. During the course of their meeting, Petty denied entrance to, at least, one would-be customer, informing him that the establishment was closed. Some time later, a board agent and State Police officer, upon request, were admitted after showing their credentials, with the resulting citation because of the gratuitous single bottle of beer under the circumstances above described.

It is regrettable that under these circumstances the court is without discretion to correct the obvious, well-intentioned but misguided efforts of the law enforcement agents. It is crystal clear that there was no intentional wrong doing, not even any suggestion that Petty was trying to circumvent the law. However, as a fact, he did "give" a bottle of Budweiser beer to his business guest and friend, the same as he would have done had he had eating facilities in his own single living-bedroom quarters across the street. As a matter of fact, subject section of the Liquor Code highly suggests that Petty himself could not consume a glass of beer on the licensed premises "during hours or on days when the licensee is prohibited by this act from selling liquor or malt or brewed beverages." Every board agent and all other persons with any experience relating to the administration of the Liquor Code is fully aware of the fact that licensees enjoy the comforts of their licensed premises for themselves on days and hours when their premises are legally closed, even though not under suspension.

## ORDER

Now, January 9, 1971, the within appeal is dismissed and said license and permit is suspended for a period of 15 days beginning at 7 a.m. on Monday, January 18, 1971, and ending at 7 a.m., on Tuesday, February 2, 1971.